# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHRISTOPHER J. BENTON,**

    **Plaintiff,**

**vs.**                                                          **Case No. 4:10cv578-WS/WCS**

**CORRECTIONAL OFFICER SHELLNUT,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION

    Following service of the complaint, Defendant Shellnut has argued that he could not be the individual responsible as alleged in Plaintiff's complaint because he had retired prior to the alleged date of the incident at issue in this case.  Docs. 27, 28.  My prior orders permitted discovery and postponed ruling on the summary judgment motion, noting there was already a genuine dispute of material fact.  Docs. 29, 30.  Defendant filed a motion for reconsideration, doc. 31, which I granted, but did not overturn the orders, adhering to my prior view.  Doc. 32.  Plaintiff is entitled to use discovery to determine "the identity and location of persons who know of any discoverable matter."  FED. R. CIV. P. 26(b)(1), *quoted in* doc. 32.  I concluded that

Plaintiff could use discovery to determine the proper party in this case, if it were not the Defendant served. Doc. 32.

Plaintiff has now filed a motion for leave to file an amended complaint. Doc. 34. Plaintiff submitted the proposed amended complaint, doc. 35, with the motion. Plaintiff explains that he desires to amend one paragraph of the complaint to present additional information about the involvement of Lieutenant Gray. Doc. 34. Further, Plaintiff wishes to amend his request or damages.[1] *Id.* Concluding the motion, Plaintiff states: "Plaintiff requests leave to amend the complaint where justice cannot be properly served if the Lt. is not added to allow Plaintiff to receive other evidence that could be gained through him." *Id.*, at 2. Plaintiff contends that "Defendant should not have a problem with the amendment for it could only support his case that it was another and not he that committed the actions contended by Plaintiff." *Id.*

The amended paragraph Plaintiff wishes to include in the amended complaint alleges not just that Lt. Gray saw that Plaintiff's prayer rug had been "drenched in water" but adds that Lt. Gray "failed to do anything to fix the situation" and was "grossly negligent in managing the people he was supposed to supervise that day." Doc. 34, p. 2; doc. 35, p. 6. Plaintiff's amended complaint includes Lieutenant Gray as a Defendant on page one of the complaint form, and in Section II (listing of Defendants), but Plaintiff fails to include any specific claim in Section VI (statement of claims). Based on the factual allegations of Section V, however, the only claim Plaintiff could raise is for negligence.

---

[1] The original complaint sought nominal damages of $800.00 and punitive damages of $15,000. Doc. 1, p. 8. Plaintiff's amendment would increase the nominal damages to $8,000. Doc. 34, p. 2.

Clearly established law holds that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).  Plaintiff has not alleged more than negligence by Lieutenant Gray and, therefore, the proposed amended complaint is insufficient on its face.

Rule 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  In this case, leave of court is required because Defendant has filed a motion for summary judgment.

While Rule 15(a) generally "restricts the district court's freedom," the Eleventh Circuit has held:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).  If "underlying facts or circumstances" provide a proper and viable basis for relief, then leave to amend "should be freely given."  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Futility of amendment is sufficient cause under Rule 15 to deny permission to amend.  Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004).  When an amended complaint fails to state a viable claim as a matter of law, it is not an abuse of discretion to deny a motion to amend.  Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010).

In this case, even *if* Plaintiff had properly alleged a *claim* against Lieutenant Gray as opposed to just adding facts of his involvement, the amended complaint would be dismissed because negligence is not a viable constitutional claim.[2]  Furthermore, increasing the amount of nominal damages from $800.00 to $8,000.00 is not viable because both of those amounts exceed a nominal amount of $1.00.  The motion for leave to amend should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to file an amended complaint, doc. 34, be **DENIED** as futile and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 6, 2012.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2]  As an additional basis for denying the motion, Plaintiff could not add Lieutenant Gray as a Defendant in his supervisory capacity either because *respondeat superior* does not provide a basis for recovery under § l983.  <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also* <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992).  Plaintiff may not seek to hold the Lieutenant liable for the actions of lower level correctional officers.