IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER J. BENTON,

       Plaintiff,

v.                                                    4:10cv578-WS

SERGEANT JAMES YON,

       Defendant.

_____

## ORDER OF DISMISSAL

Before the court is the magistrate judge's second report and recommendation docketed October 22, 2012. See Doc. 64. The magistrate judge recommends that the defendant's motion to dismiss (doc. 60) be granted in part and denied in part. The defendant has filed objections (doc. 65) to the magistrate judge's report and recommendation, and the plaintiff has responded (doc. 66) to those objections. This court has determined that the defendant's motion should be granted *in toto*.

I.

The plaintiff's allegations were summarized by the magistrate judge as follows:

[O]n October 1, 2010, there was a massive shake down at Wakulla Correctional Institution (Annex). The inmates were directed to strip down to their boxers and slides only, and when Plaintiff and his cell mate left their cell, Plaintiff was asked, "why are you not wearing boxers?" Plaintiff, who was wearing blue shorts, answered, "I don't have any, sir." The officer told Plaintiff he was going to "[expletive] your room up." While the inmates were downstairs waiting for the shake down to end, an officer confirmed with Plaintiff's cell mate which locker was his, and "stated after being informed, 'That's all I wanted to know.' "

>    When Plaintiff returned to his cell, he found "all of his legal work had been thrown all over his cell floor; his Holy Qu'ran was thrown on the floor to where the cover was butterflied open with some of the pages torn and crumbled up."  Plaintiff's glasses were thrown away and his "prayer rug had been thrown to the floor drenched in water from Plaintiff's water bottle which the Officer intentionally poured out."  As the officer was closing his door, he said to Plaintiff, "I didn't know you were one of them."  Plaintiff asked, "What do you mean, I'm not in a gang."  The officer responded, "Not a gang member, a Muslim," and he smiled "in a belligerent manner."

Doc. 64 (cites to the complaint omitted).

The plaintiff thereafter filed this lawsuit, seeking nominal and punitive damages as well as a declaration that the acts described in his complaint violated his rights to equal protection and freedom of religion under the First and Fourteenth Amendments to the United States Constitution.  This court finds that the plaintiff is entitled to none of the relief requested.

## II.

Among other things, the defendant maintains that he is entitled to qualified immunity from suit.  The Supreme Court has held that government officials generally are shielded from liability for civil damages unless (1) the complaint, viewed in the light most favorable to the plaintiff, alleges facts which, if proven, would show that an officer violated a constitutional right; and (2) the right was "clearly established" at the time of the alleged misconduct.  Saucier v. Katz, 533 U.S. 223, 201 (2001), modified by Pearson v. Callahan, 555 U.S. 223, 236 (2009) (holding that courts may begin the qualified-immunity inquiry by deciding the second prong first).

The court will assume, for the sake of argument only, that the alleged facts, if proven, would show that the defendant violated the plaintiff's First and Fourteenth Amendment rights.  The plaintiff has nonetheless failed to carry his burden on the

second prong of the qualified-immunity inquiry—that is, he has failed to show that established law put the defendant on notice that his conduct was clearly unconstitutional under the particular circumstances alleged.[1]  See Terrell v. Smith, 668 F.3d 1244, 1250 (noting that once an officer demonstrates that he was acting in his discretionary capacity, the plaintiff bears the burden to show that the officer is not entitled to qualified immunity).[2]

The Eleventh Circuit recently described the ways in which a plaintiff may show that the contours of a right were clearly established:

> First, [he] may show that "a materially similar case has already been decided." Mercado v. City of Orlando, 407 F.3d 1152, 1159 (11th Cir. 2005) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Second, [he] can point to a "broader, clearly established principle [that] should control the novel facts [of the] situation." Id. (citing Hope [v. Pelzer, 536 U.S. 730, 741 (2002)]). Finally, the conduct involved in the case may "so obviously violate[ ] th[e] constitution that prior case law is unnecessary." Id. (citing Lee [v. Ferraro, 284 F.3d 1188, 1199 (11th Cir. 2002)]).

Terrell v. Smith, 668 F.3d 1244, 1255–1256 (11th Cir. 2012).  To make the required showing, a plaintiff must point to law as interpreted by the United States Supreme Court, the Eleventh Circuit, or the Florida Supreme Court.  Mercado, 407 F.3d at 1159.

A "materially similar case" is one in which the Supreme Court, the Eleventh Circuit, or the Florida Supreme Court "has said that 'Y Conduct' is unconstitutional in 'Z Circumstances.' "  Vinyard v. Wilson, 311 F.3d 1340, 1351 (11th Cir. 2002).  In other

---

[1]  The plaintiff has not alleged that the defendant's conduct was unlawful under state or federal statute.

[2]  There is no dispute in this case that the defendant was acting within the scope of his discretionary capacity as a correctional guard when the alleged wrongful acts occurred.

words, it is a case that is "tied to particularized facts." Id. Here, the plaintiff has pointed to no cases involving facts "materially similar" to the facts alleged in this case. Moreover, neither the magistrate judge nor this court has been able to locate any case in which the Supreme Court, the Eleventh Circuit, or the Florida Supreme Court determined that an inmate's First and Fourth Amendment rights were violated by a correctional officer who, not knowing the inmate's religion, said he was going to "f... up" the inmate's cell, then intentionally threw the inmate's legal work "all over his cell floor," threw away the inmate's glasses, threw the inmate's Holy Qu'ran on the floor "to where the cover was butterflied open with some of the pages torn and crumpled up," threw the inmate's prayer rug to the floor, and emptied the inmate's water bottle on the rug.[3]

As acknowledged by the magistrate judge, the absence of a "materially similar case" is not necessarily fatal to the plaintiff's claim against the defendant. Occasionally, the words of a federal constitutional provision may be "so clear and the conduct so bad that case law is not needed to establish that the conduct cannot be lawful." Id. at 1350; see also Terrell, 668 F.3d at 1257 (explaining that an official's conduct may lie "so obviously at the very core of what [a constitutional provision] prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law"); Priester v. City of Riviera Beach, 208 F.3d 919, 927 (11th Cir. 2000) (noting that "the clearly-excessive-even-in-the-absence-of-case-law standard is a difficult one to meet" and is a "narrow exception" to the rule requiring particularized case

---

[3] The magistrate judge correctly noted that the plaintiff has failed to allege that he was unable to freely practice his religion as a result of the defendant's actions.

law to defeat an officer's claim to qualified immunity).[4] In this case, it cannot be said that the defendant's conduct—although inappropriate—fell within the very core of what the First and Fourteenth Amendments prohibit or that the conduct was "so bad" that case law is not needed to establish its unconstitutionality. The "narrow exception" for "obvious" constitutional violations does not apply to the peculiar facts of this case.

In some circumstances, "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been held unlawful." United States v. Lanier, 520 U.S. 259, 271 (1997); see also Vinyard, 311 F.3d at 1351 (noting that "some broad statements of principle in case law are not tied to particularized facts and can clearly establish law applicable in the future to different sets of detailed facts"). In Vinyard, the Eleventh Circuit explained:

> For example, if some authoritative judicial decision decides a case by determining that "X Conduct" is unconstitutional without tying that determination to a particularized set of facts, the decision on "X Conduct" can be read as having clearly established a constitutional principle: put differently, the precise facts surrounding "X Conduct" are immaterial to the violation. These judicial decisions can control "with obvious clarity" a wide variety of later factual circumstances. These precedents are hard to distinguish from later cases because so few facts are material to the broad legal principle established in these precedents; thus, this is why factual differences are often immaterial to the later decisions. But for judge-made law, there is a presumption against wide principles of law. And if a broad principle in case law is to establish clearly the law applicable to a specific set of facts facing a governmental official, it must do so "with obvious clarity" to the point that every objectively reasonable government official

---

[4] Although "obvious clarity" cases are the exception rather than the rule, the Eleventh Circuit has sometimes found, in the context of an excessive force claim, that the Fourth Amendment was clear enough by itself to put an officer on notice that his or her conduct went "far beyond the hazy border between excessive and acceptable force." E.g., Smith v. Mattox, 127 F.3d 1416, 1419 (11th Cir. 1997).

facing the circumstances would know that the official's conduct did violate federal [constitutional] law when the official acted.

Id.  Here, it appears that no authoritative court has decided—as a broad principle—that a correctional officer's disrespectful treatment of an inmate's religious property ("X Conduct") was unconstitutional under the First and Fourteenth Amendments even when, as in this case, there is no allegation that such treatment burdened the inmate's ability to practice his religion.

III.

The plaintiff having failed to establish the second prong of the qualified-immunity inquiry, and having thus failed to defeat the defendant's claim to qualified immunity, it is ORDERED:

1. The defendant's motion to dismiss (doc. 60) is GRANTED.

2. The plaintiff's complaint and this action are DISMISSED with prejudice.

3. The clerk shall enter judgment stating: "All claims are dismissed with prejudice.

DONE AND ORDERED this ___6th___ day of ___December___, 2012.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE